```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
FELIX MORALES,                                                         :
                          Petitioner,                                  :
                                                                       :       21-CV-3177 (JMF)
             -v-                                                       :
                                                                       :       MEMORANDUM OPINION
JAIFA COLLADO,                                                         :           AND ORDER
                                                                       :
                          Respondent.                                  :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Petitioner Felix Morales, proceeding *pro se*, was convicted in New York state court following a bench trial of two counts of robbery in the second degree, one count of strangulation in the second degree, and four counts of grand larceny in the fourth degree and sentenced to an indeterminate term of twenty-five years to life in prison. The Appellate Division unanimously affirmed his conviction, *see People v. Morales*, 184 A.D.3d 532 (1st Dep't 2020), and the Court of Appeals denied leave to appeal, *see* 35 N.Y.3d 1114 (2020). He now petitions, pursuant to Title 28, United States Code, Section 2254, for the writ of habeas corpus, challenging his conviction on three grounds. Specifically, he contends that: (1) the trial court erred in declining to suppress a videotaped confession on the ground that it was the product of an unconstitutional "two-step" interrogation; (2) the trial court violated the Confrontation Clause by precluding defense counsel from cross-examining the investigating officer about two civil lawsuits filed against the officer; and (3) his sentence was excessive. ECF No. 1 ("Pet."), at 6-9.

The Court's review of Morales's claims "is guided by" several "fundamental tenets of federal review of state convictions." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "First, a state prisoner must exhaust available state remedies before presenting his claim to a federal

habeas court." *Id.* "Second, a federal court may not review federal claims that were procedurally defaulted in state court — that is, claims that the state court denied based on an adequate and independent state procedural rule" — unless the petitioner can establish "cause" and "actual prejudice." *Id.* at 2064-65. And finally, a federal court may grant a writ of habeas corpus only if (1) the state court's denial of the petitioner's claim "resulted in a decision that was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States"; (2) the state court's denial of relief "resulted in a decision that . . . involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) the state court's denial of relief "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see also Johnson v. Warden, Attica Corr. Facility*, No. 16-CV-5977 (JMF), 2017 WL 5624272, at *1 (S.D.N.Y. Nov. 20, 2017). Applying these standards here, the Court concludes that all three of Morales's fall short.

Morales's first claim relates to the trial court's denial of his motion to suppress a videotaped confession. Pet. 4, 6. Following a pretrial hearing, the trial court suppressed statements Morales had made to an investigating detective but declined to suppress a videotaped statement Morales had given to a prosecutor two hours later and after the prosecutor had advised Morales of his *Miranda* rights. ECF No. 10-2, at 66-68.[1] The trial court concluded that Morales's statements to the prosecutor were sufficiently attenuated from the earlier, illegally obtained statements. *Id.* at 68. On appeal, the Appellate Division concurred, reasoning that "[t]he taint of the [original] *Miranda* violation" had been "dissipated," citing "the brevity of the

---

[1] Citations to ECF Nos. 10-1, 10-2, and 10-3 are to the page numbers automatically generated by the Court's Electronic Case Filing (ECF) system.

statement defendant made without *Miranda* warnings, the passage of time . . . , the change of location, the administration of a second set of *Miranda* warnings by a new interrogator, the minimal involvement in the interrogation by the detective who had questioned defendant at the precinct, and the general absence of coercive circumstances." 184 A.D.3d at 533.

In his Petition, Morales argues that his videotaped confession should have been suppressed because it was the product of a deliberate "two-step" interrogation. Pet. 6; *see Missouri v. Seibert*, 542 U.S. 600 (2004). But that argument is fundamentally different than, indeed opposite from, the one Morales presented to the state courts — to wit, that the suppressed statements and the videotaped statement were part of a "single continuous chain of events," ECF No. 10-3, at 125 — and thus procedurally barred. *See, e.g.*, *Ramirez v. Attorney General*, 280 F.3d 87, 94 (2d Cir. 2001).[2] Perhaps recognizing that problem, Morales reverses course in his reply and renews the continuous-interrogation argument that he pressed before the state courts. ECF No. 38 ("Pet.'s Reply"), at 6. But that argument runs headlong into the deference this Court owes the state courts under Section 2254(d). Put simply, the Appellate Division's decision that Morales's videotaped confession was sufficiently attenuated from his earlier, suppressed statements is not contrary to, or an unreasonable application of, Supreme Court precedent. *See Oregon v. Elstad*, 470 U.S. 298, 314 (1985) ("Absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion. A subsequent administration of *Miranda*

---

[2] Morales does not establish "cause" and "prejudice"; nor can he show that failing to consider his new "two-step" argument will cause a "fundamental miscarriage of justice." *Reyes v. Harold*, No. 17-CV-2881 (KPF), 2022 WL 842969, at *27 (S.D.N.Y. Mar. 22, 2022).

warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement.").

Morales's second claim is that the trial court erred in not permitting him to cross-examine the arresting detective regarding two civil lawsuits in which the detective had been named as a defendant, one of which had been dismissed and the other of which had settled without an admission of wrongdoing. Pet. 8; Pet.'s Reply 13 & n.1; Def.'s Mem. 40. Morales's argument with respect to the settled lawsuit, however, is procedurally barred because the Appellate Division rejected the argument on an adequate-and-independent state-law ground, namely that Morales's trial counsel had "affirmatively waived any use of that lawsuit for impeachment." 184 A.D.3d at 533; *see* ECF No. 10-1 ("Transcript"), at 245; *see also, e.g.*, *Dukes v. Graham*, No. 16-CV-918, 2020 WL 10897194, at *8 (W.D.N.Y. Apr. 28, 2020) (citing cases holding that "a petitioner's waiver of a claim precluding further review constitutes an adequate and independent state ground."), *adopted* 2021 WL 3851982 (Aug. 27, 2021).[3] And Morales's argument as to the other lawsuit fails because the Appellate Division found that any error was harmless, *see* 184 A.D.3d at 533, and that determination was not unreasonable, *see, e.g.*, *Davis v. Ayala*, 576 U.S. 257, 269 (2015) (noting that where the state court has found that any error was harmless, a federal court can grant habeas relief only if "*the harmlessness determination* itself was unreasonable"). As that court noted, there was "overwhelming evidence of guilt" — including surveillance video of the incident and the videotaped confession — and the trial judge, "sitting as trier of fact in this nonjury trial," was obviously aware of the allegations against the detective. 184 A.D.3d at 553.

---

[3]   Again, Morales does not establish cause or actual prejudice, let alone show that failing to consider this defaulted argument will cause a "fundamental miscarriage of justice."

4

Finally, Morales's claim that his prison sentence is excessive is not cognizable on federal habeas. It is well established that "[a]n excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law." *Edwards v. Superintendent, Southport C.F.*, 991 F. Supp. 2d 348, 372 (E.D.N.Y. 2013); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."). Here, Morales was sentenced to an indeterminate sentence of twenty-five years to life as a persistent violent felony offender for the robbery and strangulation offenses, Transcript 740, a term within the range prescribed by state law for a persistent violent felony offender with a class "C" violent felony offense. *See* N.Y. Penal Law § 70.08(2) (providing that, for a persistent violent felony offender, "the court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment," and the minimum term of which must comply with subsection three); *id.* § 70.08(3)(b) (providing that, for a Class C felony, "the minimum period must be at least sixteen years and must not exceed twenty-five years"). On its face, therefore, Morales's excessive sentence claim is not cognizable under federal habeas law. *See, e.g.*, *Keita v. Fields,* No. 20-CV-6154 (JMF), 2020 WL 6647288, at *2 (S.D.N.Y. Nov. 12, 2020) (denying an excessive sentence claim where, as here, the challenged sentence was within the range prescribed by state law).

For the foregoing reasons, the Morales's Petition must be and is DISMISSED. As Morales has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good

faith, and *in forma pauperis* status is thus denied. *See, e.g.*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to Morales and to close this case.

SO ORDERED.

Dated: February 14, 2023
      New York, New York

                                          JESSE M. FURMAN
                                        United States District Judge